CLAIRE TATRO *vs.* MANOR CARE, INC.

Hampden. October 4, 1993. - January 13, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Jurisdiction*, Nonresident, Long-arm statute. *Due Process of Law*, Jurisdiction over nonresident.

A Massachusetts resident's contract with a California hotel and conference center by means of a telephone contact with the hotel while she was in Massachusetts, reserving a room for a conference of a certain organization to which she belonged, that was part of a broader range of activities by the hotel to obtain business from Massachusetts residents, amounted to the transaction of business in Massachusetts within the meaning of the long-arm statute, G. L. c. 223A, § 3 (*a*). [767-769]

A Massachusetts resident's claim against the operator of a California hotel and conference center for personal injuries sustained in a room of the hotel while attending a conference "arose from" the defendant's transaction of business in Massachusetts within the meaning of the long-arm statute, G. L. c. 223A, § 3 (*a*), where, but for the defendant's solicitation of business in Massachusetts, and its agreement to provide the plaintiff with hotel accommodations in California, the plaintiff would not have been injured in the hotel room. [769-771]

In the circumstances of a personal injury action brought by a Massachusetts resident against the operator of a California hotel and conference center for personal injuries sustained by the plaintiff while attending a conference at the hotel, the assertion of personal jurisdiction over the defendant by Massachusetts courts would comport with the restraints imposed by the due process clause of the United States Constitution since there was a sufficient nexus between the claim, the litigation, and the forum. [772-774]

CIVIL ACTION commenced in the Superior Court Department on May 9, 1990.

The case was heard by *Raymond R. Cross*, J., on a motion for summary judgment.

The Supreme Judicial Court granted a request for direct appellate review.

*Wendy Sibbison* for the plaintiff.

*Cauleen Ross Kearney* for the defendant.

GREANEY, J. The plaintiff, Claire Tatro, brought this personal injury action in the Superior Court against the defendant, Manor Care, Inc., a Delaware corporation doing business as the Quality Inn Hotel and Conference Center (hotel) in Anaheim, California. In her amended complaint, the plaintiff alleged that, while attending a conference at the hotel, she was injured when she slipped and fell in the bathtub in her room. She further alleged that the defendant was responsible for her injuries because it had violated a duty to provide her with a safe bathtub.[1] The defendant moved to dismiss the action on the grounds that personal jurisdiction was lacking and service of process was insufficient. Mass. R. Civ. P. 12 (b) (2), (5), 365 Mass. 755 (1974). A judge in the Superior Court allowed discovery "limited to the essential facts relevant to the issue of personal jurisdiction." Based on the discovery, the plaintiff contended that there was personal jurisdiction over the defendant for two reasons. First, she claimed that her action was one "arising from the [defendant's transaction of] business in this [C]ommonwealth," so that jurisdiction was proper under G. L. c. 223A, § 3 (*a*) (1992 ed.), the Massachusetts long-arm statute.[2] Second, she

---

[1] The plaintiff's amended complaint states her cause of action in the following terms:

"9. On February 2, 1988 and all times during the period of the Course and Conference, the Defendant had a duty to equip and maintain the [hotel] premises in a safe and suitable condition for its paying guests.

"10. The Defendant breached its duty to Plaintiff by providing her with a room and bath that included a bathtub which was equipped with neither hand rails nor other safety devices adequate to protect bathers from slipping and falling while in the course of bathing."

[2] General Laws c. 223A, § 3 (1992 ed.), provides in pertinent part as follows:

"A [Massachusetts] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's

"(*a*) transacting any business in this commonwealth . . . ."

argued that jurisdiction existed because she had properly effected service on the defendant in accordance with the requirements of G. L. c. 223, § 38 (1992 ed.).[3] The judge rejected both contentions, and granted the defendant's motion after treating it (based on the discovery materials and affidavits that had been filed) as one for summary judgment. Mass. R. Civ. P. 56 (b), 365 Mass. 824 (1974). The plaintiff appealed, and we granted her application for direct appellate review. We reverse the judgment for the defendant.

The following are the facts relevant to the jurisdictional issue viewed in the light most favorable to the plaintiff. *Alioto* v. *Marnell*, 402 Mass. 36, 37 (1988). The hotel is located very close to Disneyland. It regularly solicits conference business from all over the country as a means of marketing its hotel rooms and other facilities. The plaintiff was a member of the American Council of Hypnotist Examiners (council). The council had held a successful conference at the hotel in 1987, which was attended by two Massachusetts residents. Following that conference, the hotel made contact with the council's president to inquire whether the council would also hold its conference there the following year. The hotel then wrote to the president proposing a contract for the 1988 conference. The contract indicated that all conference facilities would be offered gratis in exchange for the organization's commitment to a block of hotel rooms, and "[d]irect billing [would be] available pending an approved credit application." The president accepted the proposed contract.

The council sent two mailings to its members informing them of the 1988 conference, its date and location, and that council members would receive a special nightly rate at the hotel. Those who registered for the conference in response to the first mailing were sent a preprinted hotel registration card provided to the council by the hotel. The cards were to be returned directly to the hotel by council members to re-

---

[3]Because we conclude that the assertion of jurisdiction over the defendant comports with the requirements of G. L. c. 223A, § 3 (*a*), we do not consider whether the requirements of G. L. c. 223, § 38, also are satisfied.

serve rooms for the conference. The second mailing indicated that a hotel accommodations form would be included with confirmation of conference registration for those responding to the mailing, but that late registrants should make their reservations directly with the hotel by telephone.

The plaintiff registered late for the 1988 conference and reserved a room at the hotel by telephone, providing a hotel employee with her name, address, telephone, and credit card number. She stayed at the hotel during the conference, and, during her stay, she allegedly was injured when she fell in the bathtub in her room. The plaintiff brought her action against the defendant in 1990 in the Superior Court. Service was made in hand on an employee of the hotel in California.

During 1987, 1988, and 1989, the defendant had no place of business or any agents in Massachusetts. It did not advertise in Massachusetts. It did, however, have a number of contacts with Massachusetts residents in addition to the plaintiff.[4] It had direct billing arrangements with several Massachusetts corporations, including Cullinet Software, Inc., New Balance Athletic Shoe, Inc., and Software Partners/32, Inc., all of which used the hotel for conventions or meetings during that period. These arrangements allowed employees and representatives of these companies to use facilities and amenities of the hotel and to have their companies billed in Massachusetts for payments. In addition, the defendant hosted events for at least seven other Massachusetts businesses. The hotel also had solicited business from a

___

[4]At the hearing on the defendant's motion to dismiss, the defendant objected to consideration by the judge of certain documents submitted by the plaintiff on the ground that the documents related to 1989, while the plaintiff's document request looked only to 1987 and 1988. The objection came at the conclusion of the defendant's attorney's argument to the judge, who responded, "all right." The plaintiff's attorney then began her argument. In his memorandum of decision and order, the judge referred to documents that were the subject of the defendant's objection. Viewed in this context, it is obvious that the judge's remark, "all right," merely acknowledged that the defendant's attorney had concluded her argument. The judge's reliance on the documents in question indicates that he did not grant the defendant's motion to strike those documents.

number of national organizations in addition to the council, such as the National Rifle Association, the American Lung Association, and the American Association of Orthodontists.

General Laws c. 223A, § 3, sets out a list of specific instances in which a Massachusetts court may acquire personal jurisdiction over a nonresident defendant. Jurisdiction is conferred only "when some basis for jurisdiction enumerated in the statute has been established." *Good Hope Indus., Inc.* v. *Ryder Scott Co.*, 378 Mass. 1, 6 (1979). *Carlson Corp.* v. *University of Vt.*, 380 Mass. 102, 105 (1980). If the literal requirements of the statute are satisfied, it also must be established that "the exercise of jurisdiction under State law [is] consistent with basic due process requirements mandated by the United States Constitution." *Good Hope Indus., supra* at 5-6. A plaintiff has the burden of establishing facts to show that the ground relied on under § 3 is present. *Droukas* v. *Divers Training Academy, Inc.*, 375 Mass. 149, 151 (1978).

As has been mentioned, the plaintiff refers to § 3 (*a*) of G. L. c. 223A, which grants jurisdiction "over a person . . . as to a cause of action in law or equity arising from the person's . . . transacting any business in this commonwealth." For jurisdiction to exist under § 3 (*a*), the facts must satisfy two requirements — the defendant must have transacted business in Massachusetts, and the plaintiff's claim must have arisen from the transaction of business by the defendant. See *Good Hope Indus., supra* at 10 n.17.

The " 'transacting any business' clause [in § 3] has been construed broadly." *Heins* v. *Wilhelm Loh Wetzlar Optical Mach. GmbH & Co. KG.*, 26 Mass. App. Ct. 14, 17 (1988), relying on *Good Hope Indus., supra.* See *Kleinerman* v. *Morse*, 26 Mass. App. Ct. 819, 824 (1989). Although an isolated (and minor) transaction with a Massachusetts resident may be insufficient, generally the purposeful and successful solicitation of business from residents of the Commonwealth, by a defendant or its agent, will suffice to satisfy this requirement. See *Good Hope Indus., supra* at 8 n.13. See also *Gunner* v. *Elmwood Dodge, Inc.*, 24 Mass. App. Ct. 96, 99-100

(1987). It is obvious that the defendant, which solicited and obtained meeting and convention business from at least ten Massachusetts businesses, and maintained telephone and mail contact with them, transacted business in the Commonwealth during the relevant period.

We also think that the defendant's acceptance of the plaintiff's room reservation formed part of the defendant's over-all purposeful solicitation of hotel business from residents of Massachusetts. Particularly where a contract between the parties is associated with other forum-related activities, a defendant's relatively minor contacts with a Massachusetts plaintiff have been held sufficient to satisfy the transacting business requirement set out in § 3 (*a*). In *Carlson Corp.* v. *University of Vt.*, *supra* at 105, the signing of a contract in Massachusetts, for services to be performed entirely in Vermont, was found to constitute the transaction of business in Massachusetts. In *Hahn* v. *Vermont Law Sch.*, 698 F.2d 48, 50-52 (1st Cir. 1983), where there was evidence that the defendant made purposeful efforts to reach and serve the market for legal education in Massachusetts, the United States Court of Appeals for the First Circuit observed that the question of personal jurisdiction with respect to a transaction with a particular Massachusetts plaintiff should not turn "on the intricacies of the law of contract formation," on the defendant's physical presence in Massachusetts, or on whether the Massachusetts plaintiff initiated the contact leading to the formation of the contract. The court concluded that the defendant's communications with the plaintiff in Massachusetts amounted to the transaction of business here, regardless of whether the contract between the parties had actually been concluded in the Commonwealth.

This case is similar to *Hahn* v. *Vermont Law Sch.*, *supra.* The defendant actively solicited the conference business of the council and provided registration materials to the council, knowing those materials would be mailed to, among others, Massachusetts residents. The hotel then entered into a contract with a Massachusetts resident, by means of a telephone contact with the plaintiff while she was in Massachusetts.

The defendant's contact with the plaintiff was part of a larger systematic effort on its part to obtain business from Massachusetts businesses and residents which included (as it did in the case of the council to which the plaintiff belonged) the offer of reduced hotel rates, simplified reservation procedures, and convenient direct billing arrangements. As was the case in *Hahn*, the contacts with the plaintiff, although not themselves extensive, were not random or isolated events. Cf. *Droukas* v. *Divers Training Academy, Inc., supra* at 153 (defendant which agreed to sell marine engines to plaintiff did not transact business in Massachusetts where, among other factors, there was no evidence of contacts other than minimal contacts with plaintiff-purchaser). We conclude that the defendant's reservation contract with the plaintiff was one part of a broader range of activities that, literally, amounted to the transaction of business in Massachusetts.

The plaintiff further contends that her injury "arises from" the defendant's transaction of business in Massachusetts because, "but for [the hotel's] solicitation of her business and subsequent contract with her for the hotel room in which she was injured, [her] injuries would not have occurred." We have not had occasion to consider whether the "arising from" element of G. L. c. 223A, § 3 (*a*), is satisfied on facts like those present here. Other courts that have considered the question have differed on the meaning that should be ascribed to the term "arising from."

In *Marino* v. *Hyatt Corp.*, 793 F.2d 427, 428-430 (1st Cir. 1986), interpreting G. L. c. 223A, § 3 (*a*), the United States Court of Appeals for the First Circuit concluded that a plaintiff's personal injury claim (also premised on her fall in the bathtub of a hotel located in another State) did not "arise from" the hotel reservation contract which the parties entered into while the plaintiff was in Massachusetts. In *Marino*, the court rejected the premise that the reservation of a hotel room created a covenant pertaining to the safety of the premises that might later arise after registration at the hotel and actual occupancy of the room. The court stated that any implied covenant pertaining to the safety of the occupied

premises came into effect when the plaintiff actually registered at the hotel. The court noted that the "plaintiffs' advance reservation agreement with Hyatt would hardly be an important, or perhaps even a material, element of proof in their slip and fall case," and concluded that "the plaintiffs' personal injury claim against Hyatt can [not] be said to 'aris[e] from' that contract." *Id.* at 430. In *Pizarro* v. *Hoteles Concorde Int'l, C.A.*, 907 F.2d 1256 (1st Cir. 1990), the United States Court of Appeals for the First Circuit construed a provision of the long-arm statute of Puerto Rico, which is similar to G. L. c. 223A, § 3 (*a*), and observed: "Whether certain events 'arise out of' a nonresident defendant's actions . . . is comparable or analogous to whether certain actions can be said to be the legal, or proximate cause of injuries suffered by a plaintiff." *Id.* at 1259. Courts in some other jurisdictions have adopted a similar approach. See *Pearrow* v. *National Life & Accident Ins. Co.*, 703 F.2d 1067, 1068-1069 (8th Cir. 1983); *Gelfland* v. *Tanner Motor Tours, Ltd.*, 339 F.2d 317, 321-322 (2d Cir. 1964); *Dirks* v. *Carnival Cruise Lines*, 642 F. Supp. 971, 974-975 (D. Kan. 1986).

Other United States Courts of Appeals have differed with the *Marino* decision and have concluded that terms such as "arising from" occurring in State long-arm statutes, similar to G. L. c. 223A, § 3 (*a*), should be interpreted as creating a "but for" test. This test permits jurisdiction in a case like this because the plaintiff's reservation of a room is considered the first step in a train of events that results in the personal injury. In *Prejean* v. *Sonatrach, Inc.*, 652 F.2d 1260 (5th Cir. 1981), interpreting the Texas long-arm statute, the United States Court of Appeals for the Fifth Circuit observed: "Logically, there is no reason why a tort cannot grow out of a contractual contact. In a case like this, the contractual contact is a 'but for' causative factor for the tort since it brought the parties within tortious 'striking distance' of each other." *Id.* at 1270 n.21. In *Lanier* v. *American Bd. of Endodontics*, 843 F.2d 901 (6th Cir.), cert. denied, 488 U.S. 926 (1988), interpreting the Michigan long-arm statute, the

United States Court of Appeals for the Sixth Circuit concluded that a claim arises from a defendant's transaction of business in the forum State if the claim was made possible by, or lies in the wake of, the transaction of business in the forum State. *Id.* at 909. See *Shute* v. *Carnival Cruise Lines*, 897 F.2d 377, 383-386 (9th Cir. 1990) (adopting "but for" test, and concluding that tort claim can arise from contract between parties), rev'd on other grounds, 499 U.S. 585 (1991).

The latter approach is more consistent with the language of our statute and with decisions of this court interpreting it. There is no readily apparent basis in the statutory language ("arising from") for the restrictive proximate cause approach adopted by the First Circuit. See *Shute* v. *Carnival Cruise Lines, supra* at 385 (approach in *Marino* "unnecessarily limits the ordinary meaning of the 'arising out of' language"). As has been noted, we have read the "transacting any business" requirement of G. L. c. 223A, § 3 (*a*), broadly, in keeping with our view that the Massachusetts long-arm statute "functions as 'an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States.' " *Good Hope Indus., supra* at 6, quoting *"Automatic" Sprinkler Corp. of Am.* v. *Seneca Foods Corp.*, 361 Mass. 441, 443 (1972). There is no reason to depart from this principle with respect to the "arising from" language, which occurs in the same section of the statute. We doubt that the Legislature intended to foreclose a resident of Massachusetts, injured in another State, from seeking relief in the courts of the Commonwealth when the literal requirements of the long-arm statute have been satisfied.

Applying the approach articulated in the *Shute, Lanier*, and *Prejean* decisions, *supra*, to the facts of this case, it is apparent that the plaintiff's claim "arose from" the defendant's transaction of business in the Commonwealth. But for the defendant's solicitation of business in Massachusetts, and its agreement to provide the plaintiff with hotel accommodations in Anaheim, California, the plaintiff would not have

been injured in a room of the hotel. We conclude that the requirements of G. L. c. 223A, § 3 (*a*), have been satisfied.[5]

We also conclude that the assertion of jurisdiction over the defendant comports with the restraints imposed by the due process clause of the United States Constitution.[6] In its most recent case on the subject, the Supreme Court of the United States has summarized its pronouncements in this area as follows. " '[T]he constitutional touchstone' of the determination whether an exercise of personal jurisdiction comports with due process 'remains whether the defendant purposefully established "minimum contacts" in the forum state.' *Burger King Corp.* v. *Rudzewicz*, 471 U.S. 462, 474 (1985), quoting *International Shoe Co.* v. *Washington*, 326 U.S. [310, 316 (1945)]. . . . [M]inimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' *Burger King*, 471 U.S., at 475." *Asahi Metal Indus. Co.* v. *Superior Court*, 480 U.S. 102, 108-109 (1987). The plaintiff's claim must arise out of, or relate to, the defendant's forum contacts. See *Burger King Corp.* v. *Rudzewicz, supra* at 472; *United Elec., Radio & Mach. Workers* v. *163*

---

[5]In *Rye* v. *Atlas Hotels, Inc.*, 30 Mass. App. Ct. 904 (1991), the defendant, a California hotel, advertised its room rates in a publication devoted to contract bridge. The plaintiff made a telephone call to the toll free number appearing in the advertisement and reserved a room in the hotel. While there, she slipped and fractured her wrist. The Appeals Court affirmed dismissal of the negligence count, concluding that the defendant had not transacted business in Massachusetts. The court also adopted the reasoning of the *Marino* case with respect to the question whether a personal injury suffered by a Massachusetts resident in the room of a hotel in a foreign jurisdiction could "arise from" the hotel's agreement to provide the Massachusetts plaintiff with accommodations. We disagree with the Appeals Court's decision in *Rye* v. *Atlas Hotels, Inc.*

[6]Our concern here is with specific, as distinguished from general, jurisdiction. The total of the defendant's activities in Massachusetts does not approach the volume required for an assertion of general jurisdiction. See *Helicopteros Nacionales de Columbia, S.A.* v. *Hall*, 466 U.S. 408, 413-416 (1984).

*Pleasant St. Corp.*, 960 F.2d 1080, 1088-1089 (1st Cir. 1992), appeal after remand, 987 F.2d 39 (1st Cir. 1993).

In addition, the assertion of jurisdiction over the defendant must not offend "traditional notions of fair play and substantial justice." *International Shoe Co.* v. *Washington, supra* at 316, quoting *Milliken* v. *Meyer,* 311 U.S. 457, 463 (1940). *Asahi Metal Indus. Co., supra* at 113. In practical terms, this means that an assertion of jurisdiction must be tested for its reasonableness, taking into account such factors as the burden on the defendant of litigating in the plaintiff's chosen forum, the forum State's interest in adjudicating the dispute, and the plaintiff's interest in obtaining relief. *Id.* See *United Elec. Radio & Mach. Workers* v. *163 Pleasant St. Corp.,* 987 F.2d 39, 46-47 (1st Cir. 1993).

In view of the hotel's quite extensive solicitation of business in Massachusetts (from which the plaintiff's claim arose), it is reasonable to conclude that the hotel has "invoked the benefits and protections" of Massachusetts laws. See *Hahn* v. *Vermont Law Sch., supra* at 51. It is not unreasonable to require a hotel that deliberately draws its customers (and hence its income) from many, if not all, of the States, including Massachusetts, and that has the resources of a large business, including a legal department, to defend itself in Massachusetts. The plaintiff manifestly lacks such resources. Requiring her to bring suit in California might pose an insuperable barrier to judicial consideration of her claim. The United States Supreme Court has recognized that "[a] State generally has a 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors." *Burger King Corp.* v. *Rudzewicz, supra* at 473, citing *McGee* v. *International Life Ins. Co.,* 355 U.S. 220, 223 (1957). California's long-arm statute permits its courts to assert jurisdiction over an out-of-State defendant to the extent permitted by the due process clause of the United States Constitution. Cal. Civ. Proc. Code § 410.10 (West 1973). Thus, a California plaintiff in the plaintiff's situation would be able to bring suit in California against a Massachusetts hotel. In these circumstances, no

significant social policy is compromised by our assertion of jurisdiction over a California corporation in a simple slip and fall case.[7]

We conclude that the requirements of G. L. c. 223A, § 3 (*a*), are satisfied, and that there is a sufficient nexus between the claim, the litigation, and the forum to warrant the assertion of jurisdiction in Massachusetts over the defendant. The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

---

[7]The defendant did not raise the issue of forum non conveniens below. See G. L. c. 223A, § 5 (1992 ed.). "Consideration of a motion [to dismiss] based on forum non conveniens involves a decision to decline jurisdiction which is constitutionally permissible when another State is better situated to deal with the matter." *Carlson Corp.* v. *University of Vt.*, 380 Mass. 102, 109 n.10 (1980). We observe again, as we did in *Carlson*, that, if a party disputing personal jurisdiction also intends to argue that a Massachusetts forum is not convenient for resolution of the parties' dispute, both grounds for dismissal should be raised at the same time to avoid unnecessarily prolonged litigation, piecemeal appeals, and a waste of judicial resources.