Toomey, J.
INTRODUCTION
This product liability action concerns silicone breast implants. Defendant, Baxter International, Inc. (Baxter International) cites Mass.R.Civ.P. 12(b)(2) and moves to dismiss the complaint on the grounds that this court lacks personal jurisdiction. Baxter International contends that it is not subject to jurisdiction in Massachusetts because of the principles set forth in G.L.c. 223A, §3, the Massachusetts Long-Arm statute. Plaintiff, Marie Claude Badonnel (Badonnel) opposes Baxter International’s motion on the grounds that jurisdiction in Massachusetts is proper because Baxter International has established minimum contacts with Massachusetts and that jurisdiction over Baxter International comports with commonly recognized standards of fair play. See Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1996).
For the reasons stated infra, Badonnel has the better of the argument and Baxter International’s motion to dismiss will be DENIED.
BACKGROUND
The facts as they relate to jurisdiction may be briefly stated.[1]
1. On August 20, 1974, American Hospital Supply Corporation acquired Heyer-Schulte Corporation, a manufacturer of silicone breast implants.
2. On December 16, 1982, American Heyer-Schulte Corporation was formed.
3. On March 30, 1984, American Heyer-Schulte Corporation sold its noncash assets, including the silicone breast implant business but retained, by express agreement, the product liability for the silicone breast implants.
4. On November 25, 1985, American Heyer-Schulte merged with Baxter Travenol Laboratories (Baxter Travenol). As part of the merger agreement, Baxter Travenol agreed to “be subject to, and responsible for all the debts, liabilities and duties of [American Heyer-Schulte] with the effect set forth under applicable law ...” Baxter Travenol then transferred these assets and liabilities to Baxter Acquisition Sub., Inc., which simultaneously changed its name to American Hospital Supply Company.
5. On December 31, 1986, American Hospital Supply Company merged with Travenol, and on July 21, 1987, the resulting entity became Baxter Healthcare Corporation.
6. On May 18, 1988, Baxter Travenol changed its name to Baxter International, a Delaware corporation. Baxter Healthcare Corporation continues to be a wholly owned subsidiary of Baxter International.
Plaintiff, Marie Claude Badonnel, a Massachusetts resident, has sued Baxter International (in addition to Baxter Healthcare Corp., and William Melaugh) for personal injuries she suffered by reason of silicone breast implants manufactured by Heyer-Schulte Corporation, whose liabilities were acquired by Baxter International through Baxter Travenol. Baxter International now seeks dismissal of Badonnel’s suit on the grounds that Massachusetts has no personal jurisdiction over Baxter International.
DISCUSSION
In responding to a motion to dismiss for lack of personal jurisdiction, the plaintiff “has the burden of establishing the facts upon which the question of personal jurisdiction over the defendant is to be determined.” Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 151 (1978). Although the defendant does not have the burden of production or persuasion, a court can consider defendant’s supporting affidavits which cite grounds for dismissal under Mass.R.Civ.P. 12(b)(2) in determining the jurisdiction question. Spring v. Geriatric Authority of Holyoke, 394 Mass. 274, 292 (1985).
Resolution of the issue of personal jurisdiction over a nonresident corporation requires the court to engage a two-tier analysis. First, the court must be afforded jurisdiction by its long-arm statute. G.L.c. 223A, §§3(a)-(h).[2] Second, the court’s exercise of jurisdiction must be consistent with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1996). Addressing both aspects of the jurisdiction assessment, this court will conclude that its assumption of jurisdiction is sound.
A. The Massachusetts Long-Arm Statute
The Massachusetts Long-Arm statute allows a court to exercise personal jurisdiction over a corporation that transacts business or engages in tortious conduct in the Commonwealth. G.L.c. 223A, §§3(a), *28 (c), (d). Baxter International contends that it never transacted business in Massachusetts or purposefully availed itself of the benefits and protections afforded by Massachusetts law. Badonnel, on the other hand, contends that Baxter International is liable for tortious conduct in the state as a consequence of the merger agreement between American Heyer-Schulte and Baxter Travenol (as noted supra, the merged entity was subsequently assumed by Baxter International) in which Baxter Travenol expressly accepted product liability for silicone breast implants manufactured by Heyer-Schulte.
The Rule 12(b)(2) materials offered at bar are persuasive that Badonnel’s injury, allegedly resulting from the defective silicone breast implants, did occur in Massachusetts, that the manufacturer of the implants is liable for injuries resulting from a product defect, if any, and that defendant Baxter International, through its absorption of Baxter Travenol which had assumed the manufacturer’s liability when it merged with American Heyer-Schulte, has itself assumed manufacturer’s liability. Therefore, this complaint is properly within the reach of G.L.c. 223A, §3. Our jurisdictional analysis will next proceed to a consideration of whether Baxter International’s contacts with Massachusetts are sufficient to satisfy constitutional Due Process standards.
B. Constitutional Due Process:
1. Minimum Contacts
Baxter International contends that it lacks the requisite minimum contacts with Massachusetts to justify, in the constitutional sense, the imposition of Massachusetts jurisdiction on Baxter International. That contention is, however, unavailing for two reasons, the sum of which is persuasive that Massachusetts’ exercise of jurisdiction will not abridge Baxter International’s constitutional protections.
First, a review of the series of complicated corporate transactions by which the several entities shifted assets and identities suggests that Baxter International expressly acquired liability for the acts and omissions of Heyer-Schulte Corporation, the manufacturer of the silicone breast implants. In the original merger agreement between American Hospital Supply Corporation (which acquired Heyer-Schulte Corporation) and Baxter Travenol (now a wholly owned subsidiary of Baxter International), Baxter Travenol agreed to “be subject to and responsible for, all of the debts, liabilities and duties” relating to the silicone breast implants. Notwithstanding the interpretation of that merger agreement offered by the affidavit of defendant’s secretary, Mr. McKee, Baxter Travenol did assume the liability for the silicone breast implants, and, when Baxter International absorbed Baxter Travenol, Baxter International inherited the product liability to which Baxter Travenol had subjected itself.
In line with that assessment of successor corporate liability, the proposition is logically sound that, by reason of its engaging in business and other conduct in Massachusetts, American Heyer-Schulte had the requisite minimum contacts which were subsequently transferred to and assumed by Baxter Travenol as a consequence of their express agreement. As the corporate successor to a corporation that expressly agreed to take on the liabilities relating to silicone breast implants, Baxter International has the necessary minimum contacts, albeit by filiation, and is, therefore, subject to Massachusetts jurisdiction. See Guzman v. MRM/Elgin, 409 Mass. 563, 566 (1991).
Second, Baxter International contends that, as a holding company for Baxter Healthcare, it insulated itself from minimum contacts with the Commonwealth. Baxter International argues that only its wholly owned subsidiary Baxter Healthcare is subject to personal jurisdiction. It is true that a corporate successor does not usually acquire the liability of another company. Cargill, Inc. v. Beaver Coal & Oil, Co., Inc., 424 Mass. 356, 359 (1997). When, however, a corporate successor expressly assumes liability for the torts of the predecessor corporation, liability may be imposed on the successor. Id. That circumstance obtains at bar. Additionally, the court notes that, according to the pleadings, the holding company Baxter International was formed well after Baxter Healthcare had already accepted liability for the silicone breast implants. Accordingly, Baxter International’s argument that it effectively protected itself from minimum contacts with the Commonwealth during this time is unpersuasive.
2. Fairness
Next, the court will consider whether subjecting Baxter International to personal jurisdiction in this Commonwealth comports with the standards of fairness. International Shoe, Co. v. Washington, 326 U.S. 310, 316 (1940). Our inquiry is whether the “suit offend [s] ‘traditional notions of fair play and substantial justice.’ ” Id.
By absorbing Baxter Travenol, Baxter International purposefully availed itself of the privileges of one operating in the Commonwealth. Furthermore, Baxter International cannot claim to have been surprised by its having been haled into a Massachusetts court because Baxter Travenol had already subjected itself to the liabilities associated with American Heyer-Schulte breast implant products. At the time American Heyer-Schulte and Baxter Travenol merged, American Heyer-Schulte was subject to personal jurisdiction in Massachusetts. Therefore, Baxter Travenol, by virtue of that merger agreement, expressly subjected itself to personal jurisdiction in Massachusetts. Baxter International similarly availed itself of Massachusetts privileges and obligations when it assumed Baxter Travenol as a wholly owned entity.[3]
CONCLUSION
Baxter International’s conduct and its connections with this forum are sufficient to support the conclu *29 sion that defendant ought reasonably to have foreseen its being drawn into court in Massachusetts. See American Intern’l Rent-A-Car v. Cross, 709 F.Supp. 272, 275 (D.Mass. 1989). This court therefore holds that “notions of fair play and substantial justice” will not be offended should Badonnel be permitted to maintain her suit in Massachusetts. Id. Personal jurisdiction has been properly asserted under G.L.c. 223A, §3 and comports with constitutional due process requirements. Accordingly, defendant’s motion to dismiss for lack of personal jurisdiction is without merit.
ORDER
For the foregoing reasons, it is ORDERED that defendant Baxter International, Inc.’s motion to dismiss is DENIED.

The facts in this case relating to personal jurisdiction and the various corporate transmutations of Baxter International, Inc., et al., are identical to those detailed in In re Silicone Gel Breast Implants Products, 739 F.Supp. 1123, 1123 (N.D. Ala. 1993). While that case is not controlling in Massachusetts, Judge Pointer published the opinion with the express intention of aiding state courts in the disposition of products liability suits arising from the manufacturing of silicone gel breast implants.

G.L.c. 223A, §3, provides in pertinent part as follows:
A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from a person’s (a) transacting any business in this commonwealth: (c) causing tortious injury by an act or omission in this commonwealth: (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or services rendered in this commonwealth . . . ;

Furthermore, this court determines that Baxter International’s participation in previous law suits in the Commonwealth is evidence that it will not be unduly burdened by defending this claim in the Commonwealth. See Jane Doe and John Doe v. Baxter Healthcare Corporation, Baxter International, Inc., Middlesex Superior Court, Civil Action No. 93-5750; see also Stephanie Goldkamp and Robert Goldkamp v. Baxter Healthcare Corporation, Baxter International Inc., and David Vivian, Middlesex Superior Court, Civil Action No. 97-2298.