USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1753

 MARTHA MOISE LOUIS,

 Plaintiff, Appellant,

 v.

 FLAGSHIP AIRLINES, INC. D/B/A AMERICAN EAGLE,
 AMERICAN AIRLINES, INC., AND ICALM GROUP, INC.,
 
 Defendants, Appellees.
 

 APPEAL FROM THE UNITED STATES DISTRICT COURT
 
 FOR THE DISTRICT OF MASSACHUSETTS
 
 [Hon. Robert E. Keeton, U.S. District Judge]
 

 Before
 
 Selya, Circuit Judge,
 Coffin, Senior Circuit Judge,
 and Boudin, Circuit Judge.
 
 

 Marian H. Glaser for appellant.
 Dennis J. Kelly with whom Mark J. Ventola and Christopher D.
Engebretson were on brief for appellees.

February 5, 1999

 
 
 COFFIN, Senior Circuit Judge. After sustaining injuries
while descending stairs from an airplane, Martha Moise Louis
("Louis") filed suit against the airline and its insurance
adjuster, ICALM. The court: 1) dismissed the claim against ICALM
for lack of personal jurisdiction; 2) denied Louis's motion to
amend the complaint; and 3) denied her motion for post-judgment
discovery regarding the identity of other possible defendants. 
Louis now appeals all three decisions. Because the court's rulings
were entirely appropriate, we affirm.
 I. Background
 In the first leg of a journey to Haiti, Louis boarded an
American Eagle ("American") commuter flight at Boston's Logan
airport on January 6, 1994. The flight was subsequently canceled,
and the passengers were asked to deplane. When descending the
stairs to the tarmac, Louis slipped and fell on an icy patch. She
declined American's offer to arrange and pay for immediate medical
assistance. More than a year and a half later, in August 1995, her
attorney sent a letter to American seeking a report of the
incident. American responded in October 1995 that it was
commencing an investigation of the accident and requested
information about Louis's injuries. Her counsel sent the material
on November 5, 1995.
 American forwarded the package to its insurance adjuster,
ICALM, a New York corporation with its principal place of business
in North Carolina. On November 20, 1995, ICALM sent Louis a letter
requesting that she provide the medical and employment
authorizations necessary to verify the nature and extent of her
injuries. Louis provided the materials on January 29, 1996, two
years and twenty-three days after the accident. After conducting
its own investigation, ICALM denied her claim because the Warsaw
Convention's two-year statute of limitations had expired. During
the entire period, ICALM contacted Louis or her attorney four
times: once to request the authorizations, twice to return calls
from Louis's attorney, and once to inform Louis that her claim had
been denied.
 Louis subsequently filed suit in Massachusetts against
American for negligence and against ICALM for unfair or deceptive
insurance practices. When both American and ICALM moved for
summary judgment, the court dismissed the claim against American as
barred by the statute of limitations. It also expressed doubt
about its ability to exercise personal jurisdiction over ICALM, and
asked Louis to file a supplemental memorandum detailing ICALM's
relevant in-state activities. Louis filed both the supplemental
memorandum and a motion to amend the complaint to add "Underwriters
of Lloyd's of London" as a defendant. The court denied her motion
to amend, and dismissed the claims against ICALM for lack of
personal jurisdiction. Louis then filed a post-judgment discovery
motion in an attempt the learn the names of other defendants who
might not be covered by the same statute of limitations as
American, but again the court denied her entreaty.
 II. Discussion
 The district court's opinions are lengthy and thoughtful,
and we need not linger in our discussion of the issues.
A. Personal Jurisdiction
 District courts may exercise personal jurisdiction over
out-of-state defendants if "such jurisdiction is authorized by
state statute or rule and its exercise does not offend due
process." United Elec. Workers v. 163 Pleasant Street Corp., 960
F.2d 1080, 1086 (1st Cir. 1992). In relevant part the
Massachusetts long-arm statute provides for personal jurisdiction
over a defendant in another state if he:
 (a) transact[s] any business in [Massachusetts];
 . . .
 (c) caus[es] tortious injury by an act or omission in
 [Massachusetts]; [or]
 (d) caus[es] tortious injury in [Massachusetts] by an act
 or omission outside [Massachusetts] if he regularly does
 or solicits business, or engages in any other persistent
 course of conduct, or derives substantial revenue from
 goods used or consumed or services rendered, in
 [Massachusetts]; 
Mass. Gen. L. ch. 223A, 3. 
 In its opinion, the district court correctly found that
none of these standards had been met. Subsection (a) requires the
defendant to have transacted business in Massachusetts. ICALM, a
New York corporation with its principal place of business in North
Carolina, marketed its services to American, a Delaware corporation
with principal places of business in Texas and Tennessee. ICALM
has never maintained any presence in Massachusetts, nor is it
registered to do business there. Its only contacts with
Massachusetts arise from adjusting claims made by Massachusetts
residents against its clients located elsewhere. 
 Most cases exploring the reach of the "transacting
business" language involve direct contractual relations between the
parties. See, e.g., Tatro v. Manor Care, Inc., 625 N.E.2d 549, 553
(Mass. 1994). In non-contractual cases such as this one
Massachusetts has required more than the four contacts that
occurred here for its courts to exercise jurisdiction. See New
Hampshire Ins. Guar. Ass'n v. Markem Corp., 676 N.E.2d 809, 812
(Mass. 1997) (finding in action by third party that foreign insured
had not transacted business in Massachusetts simply because foreign
insurer had conducted some administration of insured's policies in
Massachusetts). Even the most liberal interpretation of ICALM's
in-state activities would not permit personal jurisdiction under
this prong of the statute.
 Subsection (c) is equally inapplicable since it requires
the tortious act to be within Massachusetts. The complaint alleged
that ICALM delayed its investigation and failed to affirm or deny
coverage within a reasonable time. ICALM's actions and alleged
omissions, consisting solely of examining the related documents and
denying coverage, took place entirely at its offices in North
Carolina.
 Subsection (d) does allow a plaintiff to file suit for
injuries in Massachusetts based on tortious acts or omissions
outside the state. However, Louis's complaint cannot meet the
other element of that subsection, which requires a finding that
ICALM "regularly does or solicits business, or engages in any other
persistent course of conduct, or derives substantial revenue from
. . . services rendered, in [Massachusetts]." As stated earlier,
ICALM does not do business in Massachusetts, or solicit business
there. Nor does it derive substantial revenue from services
rendered there. A finding that ICALM's two letters and two phone
calls constituted a "persistent course of conduct" would stretch
that term beyond all recognition.
 The long arm statute simply does not allow courts in
Massachusetts to exercise jurisdiction over ICALM under the facts
of this case, as the district court correctly ruled.
B. Motion to amend
 After the court permitted Louis to fortify her filing
with respect to ICALM's in-state activities, Louis filed a
supplemental memorandum and a motion to amend the complaint to add
"Underwriters of Lloyd's of London" as a defendant. Noting both
that it was an attempt to delay the inevitable dismissal of the
action against the current defendants and that Louis had learned
about the insurance company's identity four months earlier, the
court denied her motion. We review such a decision under an abuse
of discretion standard, and "defer to the district court if any
adequate reason for the denial is apparent on the record." Grantv. News Group Boston, Inc., 55 F.3d 1, 5 (1st Cir. 1995).
 It is evident that the court did not abuse its
discretion. A finding that Louis unduly delayed filing the motion
is an adequate reason to deny it. See Acosta-Mestre v. Hilton
Int'l of Puerto Rico, Inc., 156 F.3d 49, 51 (1st Cir. 1998). The
action began on December 31, 1996. On October 1, 1997, Louis
learned that Lloyd's was the insurer. However, she neglected to
move to amend until February 19, 1998, fourteen months after the
original complaint was filed and more than four months after she
discovered the insurer's identity. The district court found that
this four month wait constituted undue delay, especially in light
of the court's intervening ruling that the claim against American
was dismissed and the claims against ICALM would likely be as well. 
The district court's reason for denying her motion is sufficient.
C. Post-Judgment Discovery
 Louis subsequently filed a motion asking the court to
stay judgment, to reconsider and to permit discovery of other
possible defendants. It was denied. The district court has
considerable discretion in ruling on discovery motions and will be
overruled only if it abused that discretion. Daigle v. Maine Med.
Ctr., Inc., 14 F.3d 684, 692 (1st Cir. 1994); see also Mack v.
Great Atlantic and Pacific Tea Co., Inc., 871 F.2d 179, 186 (1st
Cir. 1989) (requiring the ruling to be "plainly wrong and result[]
in substantial prejudice").
 Since the district court succinctly and aptly disposed of
this issue, we quote its language here at length:
 Essentially, plaintiff asks the court
 to stay the case until defendants, after the
 court has ruled that plaintiff does not have
 any legally cognizable claims against them,
 tell plaintiff who was the owner of the
 staircase on which plaintiff fell. 
 
 Plaintiff's request for discovery after
 a final judgment in this civil action, without
 even a contention that the requested discovery
 would be material to the outcome of this civil
 action, is simply unprecedented and has no
 support at law.

 Because all three decisions challenged on appeal were
entirely appropriate, the decision is affirmed.