Haggerty, J.
Universal Steel Structures (“Universal”) moves for dismissal of S&A Construction’s (“S&A”) third-party complaint for lack of personal jurisdiction under Massachusetts Rules of Civil Procedure 12(b)(2). For the following reasons Universal’s motion to dismiss is ALLOWED.

BACKGROUND

The plaintiff Mr. Mazur (“Mazur”), a Massachusetts resident hired the defendant, S&A to assemble a prefabricated steel structure on property he owned in Maine. Mazur purchased the structure from third-party defendant, Universal, a Georgia corporation and distributor of prefabricated steel structures. Mazur initially learned that Universal sold prefabricated steel structures through an advertisement placed by Universal in “Rock and Dirt,” a national trade magazine. In May 1998, Mazur sent a request for bids to Universal and several other manufacturers and distributors of prefabricated steel structures. Universal responded by telephone with a quote. Over the course of the next month the parties negotiated by telephone and fax and ultimately completed a contract in June 1998.[1] The structure was delivered from the manufacturer, A&S Building Structures’ plant in Tennessee directly to Maine.
Mazur, dissatisfied with the structure, brought a negligence claim against S&A, alleging that S&A erected the structure in an unworkmanlike manner. S&A in turn, brought a claim against Universal and A&S Building Structures for contribution and indemnification.
In support of its motion to dismiss, Universal filed an affidavit by Stephen Tanco (“Tanco”), executive vice president of Universal. In his affidavit, Tanco stated that Universal’s only other involvement with Massachusetts during 1998 consisted of the sale of a steel structure to a Connecticut resident for delivery in Massachusetts.

DISCUSSION

Universal seeks dismissal for lack of personal jurisdiction under Massachusetts Rules of Civil Procedure 12(b)(2). The plaintiff “has the burden to establish facts upon which the question of personal jurisdiction may be determined.” Nichols Associates v. Starr, 4 Mass.App.Ct. 91, 93 (1976) (citations omitted). The court considers the facts in the light most favorable to the plaintiff. Tatro v. Manor Care, Inc., 416 Mass. 763, 765 (1994). A motion to dismiss for lack of personal jurisdiction may be decided on the basis of the facts alleged in the complaint and the uncontroverted facts set forth in the parties’ written materials and affidavits. Kleinerman v. Morse, 26 Mass.App.Ct. 819, 821 n. 4 (1989). The exercise of personal jurisdiction over a nonresident defendant is permissible where it is: 1) authorized by state statute; and 2) consistent with basic due process requirements mandated by the United States Constitution. Good Hope Industries, Inc. v. Ryder Scott Company, 378 Mass. 1, 5-6 (1979).
S&A argues that this Court has jurisdiction over Universal under the transacting business clause of the longarm statute, which provides that, “a court may exercise personal jurisdiction over a person ... as to a cause of action in law or equity arising from the person’s (a) transacting any business in this commonwealth.” G.L.c. 223A, §3(a). The purposeful and successful solicitation of business from residents of the Commonwealth, by a defendant or its agent, will generally suffice to satisfy the requirements of the transacting business clause. Tatro v. Manor Care, Inc., 416 Mass. at 767 (cites omitted). The transacting business clause is construed broadly and gives rise to jurisdiction, if the alleged cause of action arose from such transaction of business. Hems v. Wilhelm Loh Wetzlar Optical Machinery GmbH & Co. KG, 26 Mass.App.Ct. 14, 17 (1988) (citations omitted).
The Supreme Judicial Court considered the transacting business clause in Droukas v. Divers Training Academy, Inc., 375 Mass. 149 (1978). In Droukas, the defendant, a Florida resident, advertised in a nautical publication, negotiated a sale by telephone with the plaintiff, a Massachusetts resident, and shipped marine engines to the plaintiff. Id. at 151. The court determined that this was an isolated transaction with limited effect on the commerce in the Commonwealth, and, therefore, it did not constitute transacting business under the longarm statute. Id. at 153.
The Appeals Court considered a similar factual situation and also determined that jurisdiction did not exist. Splaine v. Modern Electroplating, Inc., 17 Mass.App.Ct. 612, 620 (1984). In Splaine, the defendant advertised in a national magazine, responded to plaintiffs inquiries, provided estimates for custom work, mailed parts to the plaintiff, and conversed with the plaintiff by telephone several times.[2] Id. at 613. Despite extensive communications between the defendant and the plaintiff, the court found that it was an *196 isolated transaction which did not suggest a continuing relationship. Thus, the court concluded that the defendant did not transact business under the longarm statute. Id. at 620.
S&A asserts that the advertisement in “Rock and Dirt” magazine, the extensive telephone negotiations, and the subsequent contract between Mazur and Universal amount to “transacting business in this commonwealth.” G.L. 223A, §3(a). The similarities between Droukas and Splaine and this case are substantial and based on those similarities, this Court finds that Universal did not transact business in the Commonwealth under the longarm statute. S&A attempts to distinguish this case from Droukas and Splaine by pointing to the delivery of an unrelated steel structure to Massachusetts during 1998.[3] It is important to note that the delivery of a steel structure in Massachusetts was the product of a contract between Universal and a Connecticut resident in a separate transaction. A single contract with a Massachusetts resident arising from a national advertisement coupled with a single delivery of a steel structure to Massachusetts for a customer in Connecticut does not demonstrate the purposeful and successful solicitation of business from residents in Massachusetts and, therefore, does not satisfy the requirements of the longarm statute. Tatro v. Manor Care, Inc., 416 Mass. at 767.
Even if the exercise of jurisdiction over Universal was authorized by the longarm statute it would violate the due process clause of the United States Constitution. In order to satisfy the requirements of due process, Universal must have minimum contacts with Massachusetts, such that the maintenance of the suit does not “offend traditional notions of fair play and substantial justice.” International Shoe Company v. Washington, 326 U.S. 310, 316 (1945) (citations omitted).
The First Circuit has adopted a three-part test to determine if sufficient contacts exist to allow the exercise of jurisdiction. Bennet v. Jack Dennis Whitewater Trips, 925 F.Supp. 889, 895 (D.Mass. 1996) (citations omitted). First, the claim must arise out of the defendant’s forum related activities. Id. Second, the defendant’s contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thus, making the exercise of jurisdiction foreseeable. Id. Finally, the exercise of jurisdiction must be reasonable. Id. This Court finds that Universal did not purposefully avail itself of the privilege of conducting business in Massachusetts and cannot reasonably be expected to defend itself in this Court. Thus, the exercise of jurisdiction over Universal would be a violation of the due process clause.

ORDER

For the foregoing reasons, it is hereby ORDERED that the third-party defendant Universal Steel Structures’ motion to dismiss is ALLOWED.

 There is no claim or evidence of a written contract in the record. However, it is undisputed that Universal was never physically present in Massachusetts for this transaction.

Splaine concerned the transacting business clause in the Michigan longarm statute. The court supported its decision with comparable cases from Massachusetts courts. Splaine v. Modern Electroplating, Inc., 17 Mass.App.Ct. at 617.

S&A also urges the Court to infer from the business dealings described by Tanco in his affidavit, that Universal conducted business in Massachusetts during years other than 1998. We would be misplacing the burden of proof if we were to “draw any unnecessary inferences” in favor of S&A from the facts which are set out in Tanco’s affidavit. Nichols Associates v. Starr, 4 Mass.App.Ct. at 94.