**ZAMZAM TELECARD, INC., Plaintiff,**

v.

**NEW JERSEY'S BEST PHONECARDS d/b/a New Jersey Best Phone Cards Corp. d/b/a Payless USA Communications, Inc., Hellotel Investments, Inc. d/b/a Hello Tel Corp. and Vision Phonecard Distributors, Inc., Defendants.**

Civ. A. No. 06–12269–NMG.

United States District Court, D. Massachusetts.

Sept. 13, 2007.

Richard E. Briansky, Todd & Weld, Elizabeth M. Duffy, Prince, Lobel Glovsky

& Tye LLP, Boston, MA, Angelo Maragos, Goldman, Gruder & Woods, Norwalk, CT, for Plaintiff.

Joseph W. Corrigan, Joseph P. Crimmins, Posternak, Blankstein & Lund, Donna Brewer MacKenna, Casner & Edwards, LLP, Christopher J. Panos, Kathleen A. Rahbany, Richard A. Sugarman, Craig & Macauley, P.C., Boston, MA, David Edelberg, Rick Steinberg, Nowell Amoroso Klein Bierman PA, Hackensack, NJ, for Defendants.

### MEMORANDUM & ORDER

GORTON, District Judge.

Two of the defendants in this action for breach of contract have filed motions to dismiss for lack of personal jurisdiction and the third defendant has filed a motion to dismiss a portion of the complaint for failure to state a claim upon which relief can be granted. The motions are opposed by the plaintiff and are resolved as follows.

### I. *Background*

On December 12, 2006, Plaintiff Zamzam Telecards, Inc. ("ZTI") filed a seven-count complaint against New Jersey's Best Phonecards d/b/a New Jersey Best Phone Cards Corp. d/b/a Payless USA Communications, Inc. ("NJB"); Hellotel Investments, Inc. d/b/a Hello Tel Corporation ("Hellotel") and Vision Phonecard Distributors, Inc. ("Vision") (collectively, "the defendants").

This case involves a dispute among several companies that market prepaid international calling cards. A scheduling conference in this matter was conducted on August 16, 2007, at which the three pending motions to dismiss were argued. The Court announced that a ruling on the motions to dismiss would be entered on or before September 15, 2007.

### II. *Analysis*

#### A. Motions to Dismiss for Lack of Personal Jurisdiction

#### 1. Background

The plaintiff, ZTI, is a Connecticut corporation which designs, prints and markets international calling cards. The telephone connection service is provided by iBasis, Inc. ("iBasis"), a Massachusetts corporation. The cards are distributed through various venders, including defendants NJB and Hellotel.

The complaint alleges that NJB and Hellotel misappropriated the calling card designs created by the plaintiff and reached an agreement with iBasis whereby they would sell look-alike cards directly, cutting ZTI out of the deal. ZTI originally brought numerous claims, including a count for copyright infringement, but has now voluntarily dismissed all counts except those for breach of contract and unjust enrichment.

At the center of the dispute is iBasis, the phone service provider, but that company is not a party to this action. iBasis previously sued ZTI in the District of Massachusetts and ZTI counterclaimed. According to counsel, ZTI had intended to implead the instant defendants in that action but a settlement agreement was reached with iBasis before such impleader could be accomplished.

Hellotel and NJB have filed motions to dismiss for lack of personal jurisdiction. Hellotel is a Georgia corporation. Its principal place of business is in Georgia and it distributes calling cards in that state. NJB is a New Jersey corporation. Its principal place of business is in New Jersey and it distributes calling cards there. Neither Hellotel nor NJB has any place of business in Massachusetts or does any substantial business in Massachusetts,

apart from their alleged contractual relationship with iBasis.

The only entity involved in this case that resides in Massachusetts is iBasis. Allegedly, iBasis entered into contracts with Hellotel and NJB which contained clauses selecting Massachusetts as the forum for litigation. That forum selection clause is not enforceable in this case because the plaintiff is not a party to those contracts. The plaintiff argues, however, that Hellotel and NJB consented to personal jurisdiction in Massachusetts by entering into such an agreement with iBasis. Furthermore, the plaintiff contends that the contracts between the defendants and iBasis gave rise to the plaintiff's injury.

### 2. Standard

The Massachusetts long-arm statute provides that

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
> (a) transacting any business in this commonwealth ...

M.G.L. c. 223A. The outer limits of jurisdiction under the long-arm statute are coextensive with the limits allowed by the Constitution of the United States. *See Tatro v. Manor Care, Inc.*, 416 Mass. 763, 771, 625 N.E.2d 549 (1994). The Supreme Judicial Court of Massachusetts ("SJC") has interpreted the long-arm statute broadly and applied a "but-for" causation test to cases in which jurisdiction is based on the transacting of business in the Commonwealth. *See id.* Under the "but-for" test, the inquiry is whether the defendant's contacts with the Commonwealth constitute the "first step in a train of events" that results in injury to the plaintiff. *Id.* at 770, 625 N.E.2d 549. In its opposition memorandum, the plaintiff cites numerous cases in which the First Circuit Court of Appeals has upheld jurisdiction where defendants had only minimal business contacts with Massachusetts. *See, e.g., Ealing Corp. v. Harrods, Ltd.*, 790 F.2d 978, 983 (1st Cir.1986) (sending of single facsimile to Massachusetts is sufficient to confer jurisdiction); *Bond Leather Co. v. Q.T. Shoe Mfg. Co.*, 764 F.2d 928, 931 (1st Cir.1985) (exchanging four letters and one telephone call with plaintiff in Massachusetts is sufficient); *Nova Biomedical Corp. v. Moller*, 629 F.2d 190, 193–95 (1st Cir. 1980) (mailing two letters charging patent infringement and threatening litigation is sufficient).

### 3. application

This case meets the "but-for" causation test because but for the defendants' business arrangement with iBasis, there would have been no injury to the plaintiff. The plaintiff in this case alleges that Hellotel and NJB both engaged in a persistent course of business in Massachusetts through their ongoing business relationships with iBasis. If iBasis were a party to this action there would be little doubt that this Court would have jurisdiction over all parties. If iBasis had brought suit against Hellotel or NJB for a dispute arising out of the contract with either entity, jurisdiction would clearly be proper because Hellotel and NJB contracted with a Massachusetts corporation and, moreover, agreed to a Massachusetts forum selection clause. The plaintiff, however, has already settled litigation with iBasis and cannot be faulted for failing to join it in this action.

This is an unusual case in which the center of gravity is in Massachusetts despite the fact that no party resides in the Commonwealth. The link between each of the parties is iBasis, the company at the center of the dispute. There is no other location where the dispute could be more expeditiously resolved. Because each of

the companies involved in this lawsuit is connected by virtue of their business relationship with a Massachusetts corporation, jurisdiction is proper in this district. The motions to dismiss for lack of personal jurisdiction by Hellotel and NJB will, therefore, be denied.

### B. Vision's Motion to Dismiss Count II of the Complaint

Defendant Vision Phonecard Distributors, Inc. ("Vision") is also a distributor of calling cards and allegedly misappropriated plaintiff's card design. Vision is a New York corporation with a principal place of business in New York that distributes calling cards in New York. Unlike the other defendants, Vision does not challenge personal jurisdiction but rather has filed a substantive motion to dismiss Counts II, III, VI and VII of the complaint. After Vision filed its motion, the plaintiff stipulated to dismissal of Counts III, VI and VII, rendering the motion moot as to all counts except Count II.

Count II of the complaint states a claim for unjust enrichment. Vision contends that a party may not seek recovery for unjust enrichment where it also seeks recovery for breach of contract, as the plaintiff does in this case. In opposition, the plaintiff argues that parties are permitted to plead alternative theories of recovery and while the plaintiff may not recover under both theories, it should be permitted to pursue both causes of action until discovery has taken place.

Vision does not move for dismissal of Count I, breach of contract. At the scheduling conference on August 16, 2007, counsel for Vision stated that, in light of the plaintiff's dismissal of other pending claims, it would not press its motion to dismiss Count II. The motion will, therefore, be denied.

### ORDER

In accordance with the foregoing, the motions to dismiss for lack of personal jurisdiction filed by Hellotel and NJB (Docket Nos. 8 and 24) are **DENIED.** Vision's motion to dismiss Count II of the complaint for unjust enrichment (Docket No. 34) is **DENIED.**

**So ordered.**