Roach, Christine M., J.
Plaintiff Mass Web Printing Company, Inc. brought this collection action against Defendant, LLC to recover for unpaid services rendered. This matter is before the court on Defendant’s motion to dismiss for lack of personal jurisdiction. Following a hearing on October 21, 2008, and a review of all record pleadings, the motion to dismiss is DENIED.

Factual Allegations in Light Most Favorable to Plaintiff

Defendant is a New Hampshire limited liability company that publishes three weekly newspapers. It does not maintain any employees, offices, or property in Massachusetts. At a Rhode Island or New York trade show, Plaintiff, a Massachusetts printer, solicited defendant’s business. In late October 2006, the two companies made arrangements in New Hampshire to have Plaintiff print defendant’s newspapers, which Plaintiff proceeded to do until February 2008, for a total volume of business of approximately $288,500. At the conclusion of their business relationship, Defendant allegedly owed Plaintiff $45,782.41.
The printing jobs Plaintiff performed for Defendant varied from week to week in terms of volume, content, and format. In addition to printing approximately 30,000 papers per week for Defendant, Plaintiff also physically placed inserts into some of the newspapers it printed. Defendant delivered the inserts weekly to Plaintiff via courier or Federal Express. Because of the varied orders, Plaintiff and Defendant regularly communicated via email, telephone, and facsimile, whereby Defendant provided instructions to Plaintiff regarding both the printing and the inserts. Before the newspapers were distributed from Auburn, Massa *11 chusetts to southern New Hampshire by truck, Defendant approved the orders.

Discussion

Under the Massachusetts longarm statute “[A] court may exercise personal jurisdiction over a person ... as to a cause of action in law or equity arising from the person’s . . . transacting any business in this commonwealth . . .” G.L.c. 223A, §3(a) (2000). The particular facts of each case determine what conduct constitutes the transaction of business. Droukas v. Divers Training Acad., Inc., 375 Mass. 149, 156-57 (1978). If the literal requirements of the statute are met, it also must be established that the exercise of jurisdiction is constitutional. Id. at 157. Our longarm statute functions as an assertion of jurisdiction over the person to the limits allowed bythe United States Constitution, and this provision of the statute has been broadly construed. Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994). Here the parties do not dispute constitutionality, but instead focus on the minimum constellation of contacts necessary to be transacting business.
Defendant argues it did not transact any business in Massachusetts. Rather, it claims to have been merely a “passive purchaser” due to the fact that it maintains no employees, offices, property, or business interests in Massachusetts; that it never solicited business in Massachusetts; and that none of its employees traveled to Massachusetts to finalize a contract. It relies for support on the analysis contained in one federal case, and one state Municipal Court Appellate Division case. See Whittaker Corp. v. United Aircraft Corp., 482 F.2d 1079, 1084 (1st Cir. 1973) (characterizing two defendants as passive purchasers); Irma S. Mann Strategic Mktg., Inc. v. Innovatex Research and Development, Inc., 1993 Mass.App.Division, 233 (1993) (declining to find personal jurisdiction where defendant did not participate in or supervise plaintiffs work). The court finds this authority distinguishable.
In Whittaker the United States Court of Appeals for the First Circuit considered two of the three defendants to be passive purchasers, both because of their few communications with the plaintiff and their lack of participation in or supervision of the plaintiffs business. Whittaker, 482 F.2d at 1084-85. In finding that the defendants had little contact with the plaintiff, the court noted one defendant visited the plaintiffs Massachusetts facility only once, sent nine documents to the plaintiff, and communicated twice over the phone. The other defendant made three visits, sent seven documents, and nine teletype and telephonic messages. Id. at 1082. It also noted these defendants did not provide any design specifications for the plaintiffs work nor did they supervise that work. Id. at 1085. It thus classified defendants’ conduct as “ancillary” to placement of their orders. Likewise, the Appellate Division declined to find personal jurisdiction where it found “limited contacts” in the context of preparation by a Massachusetts firm of a one-time marketing survey report for a Quebec company. The court acknowledged, however, that physical presence is not required to establish personal jurisdiction. Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 10 (1979).
Here because the printing orders varied from week to week, Defendant provided Plaintiff with specific instructions about the amount, content, and format of the printing orders as well as instructions about where the delivered inserts were to be placed. Defendant also approved the printing jobs before the newspapers were distributed. In this sense Defendant both participated in and supervised Plaintiffs work. Defendant was in regular contact with Plaintiff via telephone, email, and facsimile over the entire fifteen-month period Plaintiff printed the newspapers. See Little, Brown & Co. v. Bourne, 493 F.Sup. 544, 546-47 (D.Mass. 1980) (finding the frequent communications between defendant author and plaintiff publisher to have been transacting business); Good Hope Industries, 378 Mass. at 9-12 (describing defendant’s communications with plaintiff where jurisdiction attached); Whittaker Corp., 482 F.2d at 1084 (citing third defendant’s regular communications with plaintiff as factor in transacting business); Heins v. Wilhelm Loh Wetzlar Optical Machinery GmbH & Co. KG, 26 Mass.App.Ct. 14, 18-19 (1988) (collecting cases). There is no dispute that the breach of contract cause of action arises from these same contacts.
This is the quintessential situation in which the quality and nature of the contacts, and not necessarily their numerical quantity, controls the determination. While the court agrees the relationship between the parties was not so substantive as editing a book, it was far more so than a simple manufacturing arrangement or a single, passive purchase order relationship. Automatic Sprinkler Corp., of America v. Seneca Foods Corp., 361 Mass. 441, 444-45 (1972). The pattern and frequency of the interaction between the parties, and its impact on the Massachusetts economy, follows accordingly. Carlson Corp. v. University of Vermont, 380 Mass. 102, 107-08 (1980) (Massachusetts has an interest in enforcing business transactions consummated within its boundaries), citing Good Hope Industries, 378 Mass. at 9-10 (substantial commercial consequences). I thus find Defendant was transacting business in Massachusetts for purposes of both the constitutional and statutory standards, and personal jurisdiction attaches.
For all of the reasons included herein, the defendant’s Motion to Dismiss is DENIED, and the case shall go forward in this court.