Fecteau, J.
On October 8, 1998, defendants American Postal Workers Union (“APWU”), Moe Biller (“Biller”) and Douglas Holbrook (“Holbrook”) moved this court to reconsider its Memorandum of Order and Decision on Defendants’ Motion to Dismiss of August 13, 1998 [9 Mass. L. Rptr. 55]. The defendants assert that this court failed to address the enumerated grounds, pursuant to Mass.R.Civ.P. 12(b)(2) & (6) and Rule 4(j), upon which it moved to dismiss this action.
This court recognizes that it inadvertently failed to address two of the grounds supporting the defendants’ motion to dismiss and now supplements its Memorandum of Decision to include a discussion concerning the defendants’ motion. For the following reasons, the motion to dismiss of the defendants APWU, Biller, and Holbrook is ALLOWED.
*285 DISCUSSION
The defendants claim that this court lacks in personam jurisdiction over APWU, Biller and Holbrook, and, therefore, this court must dismiss the plaintiffs complaint as against these defendants. It is well recognized that the facts of each controversy determine whether jurisdiction can be maintained over foreign defendants. See Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 2-3 (1979). The exercise of personal jurisdiction over a foreign defendant is proper only when (i) the terms of the Massachusetts long-arm statute, G.L.c. 223A, 3, are met and (ii) the constitutional requirements of due process under the United States Constitution are satisfied. Id. at 5-6; Tatro v. Manor Care, Inc. 416 Mass. 763, 767 (1994); Johnson Creative Arts, Inc. v. Wool Masters, Inc. 573 F.Sup. 1106, 1109 (D.Mass. 1983). In a motion to dismiss, it is the plaintiff who has the burden of proving that the court has jurisdiction over the defendant. See Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 151 (1978); Nicholas Assoc., Inc. v. Starr, 4 Mass.App.Ct. 91, 93 (1976).
The plaintiff asserts that jurisdiction is rooted in the Commonwealth’s long-arm statute, G.L.c. 223, §3 (a) & (c). Zereski claims that the defendants transacted business in the Commonwealth and/or caused tortious injury in the Commonwealth when they conducted a hearing in Worcester, Massachusetts concerning charges made against certain members of the Central Massachusetts Area Local of the American Postal Workers Union, AFL-CIO. The plaintiff contends that, by conducting the hearing in Worcester, the defendants allowed defamatory statements to be uttered, which later appeared in the local Union Views and caused tortious injury to the plaintiff in the Commonwealth.
Courts have construed the “transacting any business” requirement of Section 3(a) quite broadly, “in keeping with our view that the Massachusetts long-arm statute ‘functions as "an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States..Tatro, 416 Mass. at 767. However, an isolated or minor transaction with a Massachusetts resident is likely to be insufficient to require personal jurisdiction over the foreign defendant. Id.
Here, the defendants APWU, Biller, and Holbrook are domiciled in Washington D.C. and their contact with Massachusetts was limited to the hearing in Worcester on April 26-27, 1994 concerning local union members. As facilitators of the hearing, the defendants APWU, Biller, and Holbrook did not transact any business in the Commonwealth. The defendants’ isolated contact with this forum does not rise to the level of contact required under the long-arm statute.
Also, the mere fact that the defendants, acting as hearing officers, allowed certain allegedly tortious statements to be made concerning the plaintiff at the April 26, 1994 hearing will not subject these defendants to jurisdiction under the long-arm statute. The defendants made no tortious statements concerning the plaintiff and merely conducted a hearing which exposed statements concerning the plaintiff. The plaintiff claims that, by their omission in permitting such statements to be made, the hearing officers caused tortious injury to the plaintiff, however, the hearing officers held no such duty to the plaintiff. On the facts presented, the plaintiff has failed to sustain her burden of showing a rational nexus between the defendants’ activities as hearing officers and the plaintiffs cause of action within the meaning of G.L.c. 233A, §3.
Assuming the plaintiff was able to demonstrate that the defendants’ contacts with the forum were sufficient under the long-arm statute, the exercise of personal jurisdiction over these defendants would offend constitutional due process requirements. In determining whether the Commonwealth may exercise personal jurisdiction, it is necessary to determine whether the defendants had minimum contacts with the forum state, such that a lawsuit would not offend “traditional notions of fair play and substantial justice.” International Shoe v. Washington, 326 U.S. 310, 316 (1945). In addition, the court should consider whether the defendants have purposefully availed themselves of the “privilege of conducting business within the forum state, thus invoking the benefits and protection of the laws.” Hanson v. Denckla 357 U.S. 235, 253 (1958); Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 5-6. Thus, an essential inquiry is whether the defendants conduct and connection with the Commonwealth was sufficient that they could “reasonably anticipate being haled into court [here]." American Intern Rent-A-Car Corp. v. Cross, 709 F.Sup. 272, 275 (D.Mass. 1989), quoting World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).
Here, the plaintiff has failed to demonstrate that, but for the defendants’ role as hearing officers for the APWU in Worcester, the defamatory statements would not have been published. It was the local union, and not the APWU, which published the Union Views. The national union had no control over the process in which the local union disseminated information to its members. It was this publication which caused the alleged tortious injury to the plaintiff and not the hearing conducted by the defendants. Furthermore, the defendants were not in contact with the plaintiff and the hearing was limited to the charges against certain union members. Although the plaintiff desired an opportunity to address the defendants at the hearing, the plaintiff was not invited to participate. The facts before this court conclude that the plaintiff has not established that these defendants have such minimum contacts with this state which would subject them to this court’s jurisdiction. Accordingly, the *286 court will not assert personal jurisdiction over the defendants APWU, Biller, and Holbrook.[2]
ORDER
It is hereby ORDERED that the Motion to Dismiss, pursuant to Mass.R.Civ.P. 12(b)(2), of the defendants American Postal Workers Union, Moe Biller, and Douglas Holbrook is ALLOWED. It is further ORDERED that, for the reasons stated in the Court’s August 13, 1998 Memorandum of Decision, the Motion for Summary judgment of the defendants Central Massachusetts Area Local American Postal Workers Union AFL-CIO, Frank Rigiero, Arthur Pellerin, John Flattery, Richard Warren, Arthur MacNeil, Eileen Johnston, Gail Grigas, David Niro, Richard Chestercove, Martha Brennan, and Darryl Anderson is ALLOWED as to Counts II, III, IV, V, VI, VII, and IX, and is DENIED as to Counts I, VIII, X, and XI.[3]

The defendants APWU, Biller, and Holbrook alternatively claim that this case should be dismissed for failure to state a claim upon which relief may be granted. Mass.RCiv.P. 12(b) (6). This court has dismissed the action, as against these defendants, under Mass.RCiv.P. 12(b)(2), therefore, the court need not discuss the defendants’ motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6).

CountXI, Conspiracy, is misnumbered in plaintiffs Complaint as “Count XII.”