**James BARTHEL, Plaintiff,**

v.

**ONE COMMUNITY, INC., Jack Reich, and G. Michael Horn, Defendants.**

**No. 02–CV–10814–MEL.**

United States District Court, D. Massachusetts.

Oct. 25, 2002.

James A. Kobe, Kobe & Clark, LLP, Wellesley, MA, for Plaintiff.

Irving M. Geslewitz, Much, Shelist, Freed, Denenberg, Ament, Bell & Rubenstein, Chicago, IL, Judith A. Malone, Palmer & Dodge, Kathy A. Catros, Palmer & Dodge LLP, Kathryn Ann Catros, Palmer & Dodge, LLP, Boston, MA, for Defendants.

*MEMORANDUM AND ORDER*

LASKER, District Judge.

This is a case about unpaid commissions. James Barthel sues his former employer, One Community Inc. (One), and the CEO and CFO of One, Jack Reich and G. Michael Horn, respectively. Barthel worked

as a Sales Executive in One's Newton Falls, Massachusetts office. Barthel asserts that the defendants violated the Massachusetts Wage Act, M.G.L. ch. 149 § 148, by failing to pay him earned monies in the form of due and payable commissions, which had allegedly vested. He seeks to recover damages for the commissions owed with respect to One's sales to Digex, and to Textron after October 2001.

Defendants move to dismiss Barthel's complaint for failure to state a claim, and as to defendants Reich and Horn, for lack of personal jurisdiction. The motion is DENIED.

## I.

Defendants move to dismiss Barthel's complaint for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6). They contend that even if they owe Barthel commissions, these commissions are not covered by the Massachusetts Wage Act, M.G.L. ch. 149, §§ 148, 150. They describe the commission plan at One as follows:

> Commissions were not guaranteed, but instead were contingent upon the Sales Executive selling One's products and services, One receiving payment for these products and services from the customer, the Sales Executive maintaining the appropriate gross margin for each customer project, and the Sales Executive being an active employee of One at the time of revenue collection.

Given the contingent quality of the commissions, defendants conclude that the provisions of the Wage Act do not apply.

Defendants argue further that Barthel's commissions fall outside of the Wage Act because the commissions were only payable upon meeting specified conditions, rather than constituting part of Barthel's weekly income. Defendants rely on two recent decisions for support: *Cumpata v. Blue Cross Blue Shield of Massachusetts,* *Inc.,* 113 F.Supp.2d 164, (D.Mass.2000) (finding that commissions at issue were not covered by the Wage Act, in part due to their contingent nature); and *Locke v. Sales Consultants of Boston, Inc.,* 2001 WL 716911 (Mass.Super.2001) (holding that commissions paid quarterly and triggered by numerous contingencies are not covered by the Wage Act).

Barthel responds that the drafters of the Wage Act contemplated protecting employees who are owed commissions, and that the statute expressly refers to commissions as a "covered" aspect of wages, citing provision which reads:

> This section shall apply, so far as apt, to the payment of commissions when the amount of such commissions, less allowable or authorized deductions, has been definitely determined and has become due and payable to such employee, and commissions so determined and due such employees shall be subject to the provisions of section one hundred and fifty.

M.G.L. ch. 149 § 148. Relying on the quoted language, Barthel charges that his complaint states facts that if proven at trial certainly state a claim upon which relief may be granted. He urges the court to refrain from determining the exact nature of the commissions until after discovery has been completed.

Barthel acknowledges the "general principle that contingent compensation is outside the scope of the Act," but he argues that "this general principle is superseded by the specific statutory language that defines a commission as being within the scope of the Act if it is "due and payable." Barthel further reasons that all commissions are contingent to some extent, but that once they are due and payable the commissions are covered by the Act. He distinguishes the commissions at issue in the instant case, from those found to be

outside the Wage Act in the cases cited by defendants on the grounds that the commissions he is owed constituted a significant part of his regular monthly income, not simply an episodic bonus.

## II.

■ Defendants' motion to dismiss for failure to state a claim is DENIED. At this preliminary stage of the litigation, it is unclear whether the commissions by their nature do or do not fall within the scope of the Wage Act. The language of the Act expressly includes commissions under some circumstances by providing that it covers "the payment of commissions when the amount of such commissions ... has become due and payable". M.G.L. ch. 149 § 148. Barthel's complaint pleads facts that if proven may show that his commissions for the Digex and Tectron accounts are indeed, "due and payable." Read in the light most favorable to Barthel, the complaint is sufficient.

## III.

Alternatively, Reich and Horn move to dismiss for lack of personal jurisdiction. Barthel asserts jurisdiction over the defendants (both of whom are Illinois residents) pursuant to the Massachusetts Long Arm statute, M.G.L. ch. 223A, § 3, which provides in part that, "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or in equity arising from the person's (a) transacting any business in this commonwealth ...."

Defendants contend that Barthel's complaint does not make the requisite showing that "but for" the business they allegedly transacted, Barthel's claims would not have arisen. They argue that "Barthel's claims for unpaid wages does not and cannot directly arise out of contacts between Reich and Horn and Massachusetts." In spite of their roles as CEO and CFO respectively, Reich and Horn assert that they did not directly participate in decisions to fire, hire, or pay wages to Barthel.

Barthel responds that the Supreme Judicial Court (SJC) has routinely noted that "the transacting any business clause [in § 3] has been construed broadly." *Tatro v. Manor Care, Inc.*, 416 Mass. 763 at 767, 625 N.E.2d 549 (1994). He agrees with defendants that the SJC applies a "but for" test in determining whether a cause of action arose from business contacts. He emphasizes, however, the wide range of this test, which includes claims that "were made possible by" or "lie in the wake of" the business transacted in Massachusetts. *See e.g., Tatro,* at 771, 625 N.E.2d 549.

Barthel adds that Reich often visited One's Massachusetts office, and supervised the Massachusetts office's sales activities. In fact Barthel contends that Reich served as the executive sponsor of the Digex sales account, the major subject of this dispute, and that Reich assigned the account to Barthel. Barthel acknowledges that Horn physically visited the Massachusetts office only once during his employment at One, but he cites several telephone "hot list" conferences and and other weekly sales calls that Horn participated in as the CFO of One. As further evidence that personal jurisdiction over Reich and Horn exists, Barthel argues that the Wage Act expressly provides that the President and Treasurer of an Employer party are liable for any violation of that state law. M.G.L. ch. 149 § 148.

## IV.

■ Massachusetts law permits state courts to assert jurisdiction "over a person who acts directly or by an agent, as to a cause of action in law or equity arising from the person's .... transacting any business in this commonwealth ...." M.G.L. ch. 223A, § 3(a). Courts determining whether a non-resident party has

"transacted business" in satisfaction of the statute often focus on whether the non-resident initiated or solicited business in Massachusetts. *See e.g. Hahn v. Vermont Law Sch.,* 698 F.2d 48, 51 (1st Cir.1983) (nonresident law school transacted business by sending application for admission and notice of acceptance to plaintiff in Massachusetts); *Tatro v.Manor Care, Inc.,* 416 Mass. 763, 625 N.E.2d 549, 551–52 (1994) (California corporation transacted business in Massachusetts by advertising its California hotel in Massachusetts). This test ensures that personal jurisdiction extends only to individuals who have deliberately, rather than fortuitously had contacts with the forum state. *Lyle Richards Int'l, Ltd. v. Ashworth, Inc.,* 132 F.3d 111 (1st Cir.1997).

As the record stands, it appears that this court has personal jurisdiction over Reich and Horn under the Massachusetts Long Arm statute, due to their involvement in conducting One's business affairs at the Massachusetts office. Both defendants' role in the operations at One satisfy the "but for" analysis: the alleged decision by defendants to deny Barthel wages was "made possible by, or lies in the wake of, the transaction of business in the forum state." *Tatro* at 771, 625 N.E.2d 549. I find that the defendants have enjoyed at least minimum contacts with Massachusetts through their visits and communications, and that these contacts satisfy due process requirements.

### V.

For the reasons stated above, the motion to dismiss is DENIED.

It is so ordered.