Houston, J.
This case arises out of a lawsuit filed by Adeline Corcoran & Robert Corcoran (the “Corcorans”) against United Natural Foods, Inc. (“United Natural”) and Stephen J. Hughes (“Hughes”) for injuries resulting from an automobile collision that occurred on February 8, 2002, in Laconia, New Hampshire. The Defendant now moves to dismiss the case for lack of personal jurisdiction pursuant to Mass.R.Civ.P. 12(b)(2). For reasons stated below, the defendant’s Motion to Dismiss is ALLOWED.
FACTUAL BACKGROUND
When determining a motion to dismiss for want of personal jurisdiction, the court takes facts affirmatively alleged by plaintiff as true and construes them in a light most favorable to the plaintiff. The defendant United Natural is a distributor of natural and organic foods throughout the United States, and owns several subsidiaries in the Commonwealth of Massachusetts, including Northeast Cooperatives. The defendant distributes foods to several entities in Massachusetts which sell food to customers throughout the state, including Star Market, Stop & Shop, Wild Oats, Wild Harvest and Whole Foods Markets.
The defendant Stephen J. Hughes, a New Hampshire resident, is a truck operator employed by United Natural. On February 8, 2002, in Laconia, NH, Hughes, while driving a truck on behalf of United Natural, was involved in an automobile collision with the Corcorans who are residents of Massachusetts.
DISCUSSION
For this Court to have personal jurisdiction over a non-resident defendant, the Massachusetts long-arm statute must provide for jurisdiction and the exercise of jurisdiction must be consistent with Due Process Clause of the Fourteenth Amendment of the United States Constitution. See M.G.L.c. 223A, §§3(a-h); Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994). For the purposes of a (Rlule 12 motion, the plaintiff bears “the burden of establishing sufficient facts on which to predicate jurisdiction over the defendant.” Carlson Corp. v. University of Vermont 380 Mass. 102, 106 (1988). The most commonly used method of determining a motion to dismiss for want of personal jurisdiction is for the court to consider only whether the plaintiff has proffered evidence, which, if credited, is enough to support findings of all facts essential to personal jurisdiction. Rooney v. Walt Disney World, Co., 2003 WL 22937728, *1 (D.Mass. Nov. 23, 2003). As there are no disputed facts at issue, a hearing is not necessary and the plaintiffs need only meet this prima facie burden.
Jurisdiction Pursuant to Massachusetts Long-Arm Statute
Jurisdiction over the person may be either specific or general. General jurisdiction is acquired when there are “continuous and systematic” contacts within the forum state and the injury is caused within the forum state. The exercise of general jurisdiction is not proper in this case because the plaintiffs’ injuries resulted from a collision that occurred in New Hampshire. See M.G.L.c. 223A, §3(d) (“causing tortious injury in this commonwealth ...”). Specific jurisdiction is appropriate under the long-arm statute when the cause of the action “arises from” defendant’s conduct with the forum state. Carlson Corp., 380 Mass, at 106. The plaintiffs assert that this court may properly exercise specific jurisdiction over the defendants under §3(a) because their injuries arise from United Natural’s transacting business in and/or contracting to supply services or things in the Commonwealth.[3]
Our long-arm statute authorizes “(our] court[s] [to] exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person’s ... transacting any business in this commonwealth.” M.G.L.c. 223A, §3(a).
The Supreme Judicial Court has interpreted the “transacting any business” language of §3 broadly, and generally the purposeful and successful solicitation from residents of Massachusetts will suffice to satisfy this requirement. Tatro, 416 Mass, at 763. As presented by the plaintiffs, the defendant United Natural distributes organic foods to several supermarkets throughout the Commonwealth, and a significant quantity of their product is ultimately consumed by Massachusetts residents. As such, the defendant is “transacting business” within the meaning of the long-arm statute.
Furthermore, the plaintiffs contend, the defendant owns several subsidiaries in Massachusetts, and through its “significant exercise of control” over these subsidiaries and a “significant intermingling of officers and directors” between the parent and subsidiaiy jurisdiction is established in Massachusetts under §3(a) of the long-arm statute. See Klinerman v. Morse, 26 Mass.App.Ct. 819, 823 (1989). The plaintiffs contend that the defendant’s control of Massachusetts subsidiaries, such as Northeast Cooperative, further supports the exercise of jurisdiction by this court under the long-arm statute §3(a). Without additional *487 information, it is not discernible whether the defendant exercises “significant” control over subsidiaries located in Massachusetts. However, additional investigation is unnecessary because through its distributing operations, the defendant United Natural already transacts business in Massachusetts within the meaning of §3(a).
The long-arm statute also requires that the injuries to the plaintiffs arise from the defendant’s transaction of business within Massachusetts. M.G.L.c. 223A, §3. This state adopts the “but for” test to determine if the plaintiff s injuries arose from the defendant’s transaction of business in Massachusetts. Tatro, 416 Mass, at 771. The plaintiffs assert that their injuries, resulting from an automobile collision with one of the defendant’s delivery trucks in New Hampshire, arises out of the defendant’s transaction of business in Massachusetts because the truck was transporting goods that are put into the stream of commerce and eventually consumed in Massachusetts. “But for” United Natural’s transaction of business in Massachusetts, the plaintiffs assert, they would not have suffered their injuries. Although the “arising from” clause in §3 of the Massachusetts long-arm statute is to be construed generously in favor of asserting jurisdiction, the plaintiffs’ argument does not satisfy this requirement. Lyle Richards Int’l, Ltd. v. Ashworth, Inc., 132 F.3d 111, 114 (1st.Cir. 1997). The United Natural truck driver and co-defendant Hughes is a New Hampshire resident. The accident occurred in New Hampshire. The plaintiffs fail to allege any facts that support their contention that the products Hughes was transporting at the time of the accident were destined, either directly or indirectly, for Massachusetts stores or consumers. Accordingly, the exercise of personal jurisdiction over the defendant, pursuant to §3(a) of the Massachusetts long-arm statute, is improper.
Due Process Requirements
Since this court has held that the exercise of personal jurisdiction over United Natural is not authorized by the long-arm statute, it is not necessary to engage in an analysis to ensure that such exercise also comports with the Due Process requirements of the Constitution.
ORDER
For the foregoing reasons, defendant’s Motion to Dismiss for lack of personal jurisdiction is ALLOWED.

The Plaintiffs also assert personal jurisdiction is proper under §3(b) because United Natural, in addition to transacting business in Massachusetts, also contracts to supply services or things within the state. A separate analysis is not warranted as United Natural both transacts business and supplies product in Massachusetts.