Henry, Bruce R., J.
Before the Court is the motion of the defendants, Happy Hewes (Hewes) and Rubicon Technology, Inc. (Rubicon), to dismiss the complaint of the plaintiff, Saint-Gobain Ceramics & Plastics, Inc. (St. Gobain), pursuant to Mass.R.Civ.P. 12(b)(2) for lack of personal jurisdiction. In this action, St. Gobain seeks to recover damages it alleges to have incurred as a result of a breach of contract and trade secret misappropriation by Hewes and as a result of tortious interference with a non-compete agreement, trade secret misappropriation, and unfair competition by Rubicon. After a hearing and consideration of all of the materials submitted by the parties, the motion to dismiss is ALLOWED in part, for the reasons which follow.

Factual Background

The facts set forth by the parties in the pleadings, affidavits, and exhibits can be summarized as follows. According to the plaintiffs complaint, St. Gobain is a Delaware corporation with a usual place of business in Worcester, Massachusetts. Hewes is an individual *91 residing in Illinois, who at the time of the incidents in question resided and worked in New Hampshire. Rubicon is a Delaware corporation with its principal place of business in Illinois. Hewes was an employee of Saphikon, Inc., a company located in New Hampshire which St. Gobain acquired on July 18, 2000. Hewes continued his employment and signed a non-compete agreement with St. Gobain on June 21, 2001. St. Gobain alleges that Hewes violated the non-compete agreement by resigning from St. Gobain on March 26, 2004, and commencing employment with Rubicon on March 29, 2004. St. Gobain further alleges, on information and belief, that Hewes has used confidential and secret trade information acquired at St. Gobain in his employment at Rubicon.
Hewes submitted an affidavit which set forth the following facts. At the time Hewes began working for Saphikon, he lived in New Hampshire. Hewes continued to live in New Hampshire exclusively until he moved to Illinois in 2004. Hewes has never filed or paid income or real estate taxes in Massachusetts, nor has he ever maintained an office, place of business, or residence in Massachusetts. After Saphikon was acquired by St. Gobain, Hewes remained employed in New Hampshire. Hewes signed the non-compete agreement with St. Gobain in New Hampshire. Hewes’ communications with Rubicon were conducted in New Hampshire and Illinois. Hewes began negotiations with Rubicon in February 2004. Hewes’ last day of employment with St. Gobain was March 26, 2004; his first day of employment with Rubicon was March 29, 2004. The non-compete agreement which Hewes signed with St. Gobain specifies that St. Gobain is a Pennsylvania corporation and that the agreement is to be construed according to Pennsylvania law. Hewes denies that he ever solicited or transacted business in Massachusetts and denies having had contact with St. Gobain customers since leaving its employ and denies St. Gobain’s accusations of trade secret misappropriation.
According to the affidavit of Peter Tibbets, a general manager within a St. Gobain subsidiary, Hewes, while employed by St. Gobain, did attend an unspecified number of business meetings in Worcester and participated in an unspecified number of telephone calls that originated in Worcester. In July of 2000, Hewes requested and received a monthly parking pass to park at St. Gobain’s facility in Worcester to attend those business meetings; Hewes renewed the parking pass multiple times. Hewes’ paychecks from St. Gobain were processed in Worcester. Between July of 2000 and February of2004, Hewes attended other meetings in Northboro, Westminster, and Boston, Massachusetts.
Rubicon submitted the affidavit of Raja Parvez, its President and Chief Executive Officer. According to that affidavit, Rubicon does not own or lease any facilities in Massachusetts. Rubicon’s only place of business is in Illinois. Rubicon is not registered to conduct business in Massachusetts. Rubicon does not have employees, contractors, or agents in Massachusetts; nor does it have any savings, checking, or other accounts in any Massachusetts institution. Rubicon has never filed or paid state income taxes, franchise taxes, or real estate taxes in Massachusetts. Rubicon’s sales to Massachusetts entities for fiscal years 2004 and 2005 total approximately $350,000, which represents about one per cent of Rubicon’s overall sales. Rubicon does not solicit or advertise in Massachusetts; its Massachusetts sales are the result of inquiries initiated by Massachusetts companies and directed to Rubicon. According to a letter from Rubicon’s counsel to counsel for St. Gobain, Rubicon has, on occasion, sent representatives to meetings of the Materials Research Society and Bright Ideas investor conference in Boston and purchases an indeterminate but small amount of goods and/or services from Massachusetts vendors.

Discussion

This court may exercise personal jurisdiction over a non-resident defendant if the assertion of jurisdiction is (1) authorized by the state’s longarm statute codified at G.L.c. 223A, §3(a)-(h); and (2) is consistent with the basic due process requirements mandated by the United States Constitution. Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994); Morrill v. Tong, 390 Mass. 120, 129 (1983); Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 6 (1979); Beaulieu v. Beaulieu, 46 Mass.App.Ct. 850, 851 (1999). When a defendant challenges the assertion of personal jurisdiction under Massachusetts Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing sufficient facts on which jurisdiction is based. Morrill, 390 Mass, at 129; Good Hope Industries, Inc., 378 Mass, at 3; Stanton v. AM Gen. Corp., 50 Mass.App.Ct. 116, 117 (2000). In determining whether the plaintiff has satisfied its burden, all uncontroverted facts in the materials submitted before this Court are accepted as true. Windsor v. Windsor, 45 Mass.App.Ct. 650, 653 (1998). “Whether jurisdiction will be found is a determination sensitive to the particular facts of each case.” Morrill 390 Mass. at 129; Windsor, 45 Mass.App.Ct. at 652.

Longarm Statute

The longarm statute, in pertinent part as asserted by the plaintiff, reads as follows:
A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equiiy arising from the person’s
(a) transacting any business in this commonwealth;
(b) contracting to supply services or things in this commonwealth; . . .
(d) causing tortious injury in this commonwealth by an act or omission outside the commonwealth if he *92 regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth . . .

Hewes

Under the first two sections of that statute, the plaintiff must show not only that the defendants were either transacting business or contracted to supply goods or services in the Commonwealth, but also that its claim arose from that transaction of business or from that contracting to supply goods or services. With respect to Hewes, I do not find that he transacted business within the Commonwealth. While he apparently did engage in business activities in Massachusetts for his employer, such business was his employer’s business, not his own. It appears that whatever Hewes did during the unspecified number of contacts with Massachusetts was at his employer’s behest and not for his own purposes. While Hewes did have an employment agreement with his employer which called for him to supply his services, at least in part, in Massachusetts, the claims against Hewes do not arise from his provision of services in Massachusetts. The claims as to Hewes arise from his purported breach of a non-compete agreement after his employment with St. Gobain had ended.
With respect to c. 223A, §3(d), the plaintiff claims a tortious injury in the Commonwealth caused by Hewes’ out-of-state breach of the non-compete agreement. That claim, at this point in the proceedings is sketchy. Specifically, St. Gobain asserts that “(oln information and belief, Mr. Hewes has used confidential and trade secret information of Saint-Gobain in his employment with Rubicon and has disclosed, or inevitably will disclose, such confidential information to Rubicon and/or others.” (Complaint, ¶11.) St. Gobain, however, has not provided any factual support for that allegation and appears to be assuming that such a breach of the non-compete agreement "inevitably” has occurred or will occur. Even if St. Gobain can establish that such a breach has occurred, it must still show that Hewes regularly does or solicits business or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered in the Commonwealth. It has not shown that with respect to Hewes. As noted above, I do not find that he regularly transacts business in the Commonwealth. His only contacts were in providing services incident to his employment, presumably at the behest of his employer. Those contacts were not the purposeful availment by him of the privilege of conducting business in the Commonwealth for his own purposes and are insufficient to meet the requirements of the long-arm statute.
Thus, I find that personal jurisdiction over Hewes is not permitted by the longarm statute. Even if such personal jurisdiction were warranted by the statute, Hewes does not have the minimum contacts necessary to require him to respond to a lawsuit in Massachusetts. He has not purposefully availed himself of the privilege of conducting activities within Massachusetts thereby invoking the benefits and protections of its laws. See Sonesta International Hotels Corp. v. Central Florida Investments, Inc., 47 Mass.App.Ct. 154, 162 (1999). Furthermore, the burden on him in defending this lawsuit in Massachusetts outweighs the plaintiffs interests in obtaining the relief it seeks here in Massachusetts. Therefore, the motion to dismiss is allowed as to the claims against Hewes.

Rubicon

Rubicon does transact business within the Commonwealth and has, presumably pursuant to a contract, provided goods to entities within the Commonwealth. The claims against it in this matter, however, do not arise out of its transaction of business within Massachusetts; therefore, only §3(d) is applicable to Rubicon. The inquiry then is whether Rubicon regularly does or solicits business in Massachusetts, or engages in a persistent course of conduct in Massachusetts, or derives substantial revenue from goods used or consumed or services rendered in the Commonwealth. Rubicon does do business in Massachusetts. It asserts that that business (of approximately $350,000 in fiscal years 2004 and 2005) is “isolated” and that such business is not sought out by Rubicon. It also acknowledges in a letter from its counsel that it purchases services, supplies, or equipment from Massachusetts vendors.
Whether Rubicon’s conduct of business with Massachusetts entities is sufficient to meet the requirements of the long-arm statute or to establish the minimum contacts needed to satisfy due process concerns is not clear at this time. Therefore, some limited discovery by way of interrogatories will be permitted to St. Gobain to determine the nature and extent of the contacts which Rubicon has with the Commonwealth of Massachusetts, including the frequency, nature, and extent of any and all business conducted by Rubicon with Massachusetts entities, whether that business was initiated by Rubicon or by the Massachusetts entities.

ORDER

For the foregoing reasons, the motion of the defendants is ALLOWED IN PART in that the claims against the defendant Happy Hewes are dismissed for lack of personal jurisdiction. The motion is DENIED WITHOUT PREJUDICE to renewal after the plaintiff has had an opportunity to conduct some limited discovery of the defendant Rubicon by way of interrogatories into the issue of Rubicon’s contacts, business and otherwise, with the Commonwealth of Massachusetts. Such interrogatories must be propounded within fourteen days of this order and answered by Rubicon within thirty days of the date they are served upon Rubicon.