HALCHAK CORPORATION, INC., Plaintiff,

v.

SYMBIOT BUSINESS GROUP, INC., Defendant.

Civil Action No. 07–10227–NMG.

United States District Court, D. Massachusetts.

Sept. 14, 2007.

David B. Madoff, Madoff & Khoury LLP, Foxboro, MA, for Plaintiff.

Joseph J. Koltun, Martin P. Desmery, Craig & MaCauley, P.C., Boston, MA, for Defendant.

## MEMORANDUM & ORDER

NATHANIEL M. GORTON, District Judge.

This is an action for breach of contract, promissory estoppel, and unjust enrichment to recover in excess of $156,000 allegedly due to plaintiff Halchak Corporation ("Halchak") from Symbiot Business Group, Inc. ("Symbiot Inc.") for snow removal services. The defendant has filed a motion to dismiss for lack of personal jurisdiction which will be resolved as follows.

### I. *Background*

On December 3, 2003, Halchak and Snow Management Group ("SMG") en-

tered into a Snow Removal and Ice Management Agreement (the "2003–2004 Agreement"), pursuant to which SMG engaged Halchak as a subcontractor for the purpose of rendering snow removal and ice management services at SMG-controlled sites in the various states in which SMG does business, including Massachusetts. Halchak allegedly rendered services under the Agreement from December, 2003, through March, 2005. Following the 2003–2004 winter, SMG was having financial difficulties and was unable to pay its creditors, including Halchak. Centrus Group, Inc. ("Centrus"), a business planning and turnaround management company, was hired by SMG to help resolve its debt issues and to find a financially strong company to acquire SMG.

In November, 2004, Centrus released a letter announcing that an agreement had been reached among Symbiot Inc., SMG and its creditors and that SMG had merged with Symbiot Inc. Symbiot Inc. also announced the merger in a press release but it now contends that SMG was actually acquired by a new entity, Symbiot Snow Management Network, LLC ("Symbiot Snow"), a wholly owned subsidiary of Symbiot Inc. The dispute in this case is, therefore, whether the plaintiff's debt was assumed by the defendant, Symbiot Inc., or by a separate entity, Symbiot Snow.

In November, 2004, Symbiot Inc. sent a check to Halchak for services rendered under the 2003–2004 Agreement. In addition, Symbiot Inc. representatives allegedly informed Halchak that it would pay SMG's obligations and that Symbiot Inc. would deal directly with Halchak with respect to future services. Subsequent payments to the plaintiff were, however, made by Symbiot Snow.

In December, 2004, Symbiot Inc. sent Halchak a proposed new snow removal contract between the new entity, Symbiot Snow, and Halchak (the "2004–2005 Contract"). Halchak refused to execute that proposed contract and contends that two months later, in February, 2005, Symbiot Inc. proposed to extend the 2003–2004 Contract ("the Renewal") with minor changes, which Halchak accepted. The parties dispute whether Symbiot Inc. or Symbiot Snow was Halchak's counter party to the Renewal.

Symbiot Snow has now declared bankruptcy but Halchak asserts that it is owed money under a contract with defendant Symbiot Inc. Symbiot Inc. denies that allegation and contends that Halchak's contract was with its subsidiary, Symbiot Snow.

The parties, through counsel, appeared at a scheduling conference on August 16, 2007, at which time the Court heard oral argument on the pending motion to dismiss. The Court informed the parties that it would rule on the motion on or before September 15, 2007, and proceeded to enter a scheduling order taking that deadline into account.

## II. *Analysis*

The defendant has filed a motion to dismiss for lack of personal jurisdiction because, it argues, it was never party to a contract with the plaintiff and otherwise conducts minimal business in Massachusetts.

### A. **Legal Standard**

 A defendant may move for dismissal for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). To survive such a motion, the plaintiff bears the burden of demonstrating that personal jurisdiction over the defendant is proper under both the Massachusetts long-arm statute and principles of due process embodied in the United States Constitution. *See Ealing*

*Corp. v. Harrods, Ltd.,* 790 F.2d 978, 979, 981 (1st Cir.1986).

■ The Massachusetts long-arm statute provides for jurisdiction over any person or entity "transacting any business in this commonwealth". M.G.L. c. 223A. The outer limits of jurisdiction under the long-arm statute are coextensive with the limits allowed by the Constitution of the United States. *See Tatro v. Manor Care, Inc.,* 416 Mass. 763, 771, 625 N.E.2d 549 (1994).

■ The Massachusetts Supreme Judicial Court ("SJC") has interpreted the long-arm statute broadly and applied a "but-for" causation test to cases in which jurisdiction is based on the transacting of business in the Commonwealth. *See Tatro v. Manor Care, Inc.,* 416 Mass. 763, 771, 625 N.E.2d 549 (1994). Under the "but-for" test, the inquiry is whether the defendant's contacts with the Commonwealth constitute the "first step in a train of events" that results in injury to the plaintiff. *Id.* at 770, 625 N.E.2d 549.

## B. Application

Symbiot Inc. is a Delaware corporation with a principal place of business in Utah. According to an affidavit submitted by its General Counsel, Symbiot Inc. does not have an office or any employees in Massachusetts, and is neither registered to do business nor the owner of any property in Massachusetts. Symbiot Inc. contends that the Court lacks personal jurisdiction over it because it does not conduct business in Massachusetts nor did it contract with the plaintiff in this case. Symbiot Inc. acknowledges that it sent Halchak a check for services rendered but argues that otherwise it conducted no transactions in Massachusetts. Any other interaction with Halchak, it contends, was conducted by Symbiot Snow, not Symbiot Inc.

■ The mailing of one check to Halchak for services rendered under the 2003–2004 Agreement does, however, constitute a business transaction in Massachusetts and is enough to confer personal jurisdiction on this Court. Indeed, the First Circuit Court of Appeals has affirmed the exercise of personal jurisdiction in similar circumstances. *See, e.g., Ealing Corp. v. Harrods, Ltd.,* 790 F.2d 978, 983 (1st Cir.1986) (sending of single facsimile to Massachusetts is sufficient to confer jurisdiction); *Bond Leather Co. v. Q.T. Shoe Mfg. Co.,* 764 F.2d 928, 931 (1st Cir. 1985) (exchanging four letters and one telephone call with plaintiff in Massachusetts is sufficient); *Nova Biomedical Corp. v. Moller,* 629 F.2d 190, 193–95 (1st Cir. 1980) (mailing two letters charging patent infringement and threatening litigation is sufficient).

■ The plaintiff, moreover, argues that a contract did exist between Halchak and Symbiot Inc., and the existence of that contract constitutes a business transaction which subjects the defendant to personal jurisdiction in this district. The jurisdictional dispute, in other words, relates to the primary issue in the case: whether it is Symbiot Inc. or Symbiot Snow that is in debt to the plaintiff. In a similar situation, the Ninth Circuit Court of Appeals has opined that where jurisdictional issues are enmeshed with the merits of the case, a district court should assume jurisdiction and allow the factual dispute to be resolved at trial. *See Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1286 n. 2 (9th Cir.1977). In the instant case, allowing the defendant's motion to dismiss based on a finding that no contract existed between the parties would be tantamount to deciding the case on the merits. The motion to dismiss will, therefore, be denied.

The plaintiff also asserts that Symbiot Inc. conducts sufficient additional business activity in the Commonwealth to subject it to general jurisdiction in this district. General Counsel for Symbiot Inc. has submitted an affidavit in which he admits that a small number of Massachusetts businesses are "members" of the "Symbiot Network", and that representatives of Symbiot Inc. attended two trade fairs in Massachusetts in 2004.

Furthermore, the plaintiff alleges that Symbiot Inc. advertises itself on its website as a consortium viewed by vendors "as one large entity" and "a consortium of independent contractors across the country". The plaintiff alleges the defendant had employees and stored equipment in Massachusetts and supports those allegations with an affidavit from Dale Halchak, plaintiff's President, as well as with other documents. Because specific jurisdiction is proper in this case the Court need not reach a conclusion as to whether the defendant is also subject to general jurisdiction but the evidence offered by the plaintiff of Symbiot Inc.'s business contacts in Massachusetts further demonstrates that jurisdiction in this district does not unfairly prejudice the defendant.

Finally, Symbiot Inc. argues that jurisdiction is improper in Massachusetts because the arbitration clause in the Renewal contract designates Pennsylvania as the forum for dispute resolution. The defendant does not seek enforcement of that arbitration provision because it denies that it was a party to the contract but it cites the clause as evidence that it did not purposefully avail itself to the benefits and protections of Massachusetts law. That argument is without merit in light of the several other bases for jurisdiction in Massachusetts discussed above.

## ORDER

In accordance with the foregoing, the defendant's motion to dismiss for lack of personal jurisdiction (Docket No. 10) is **DENIED.**

**So ordered.**